THOMAS M. O'CONNOR  (TO 5247)
BRODY, O'CONNOR & O'CONNOR, ESQS.
Attorneys for Defendant
7 Bayview Avenue
Northport, New York 11768
(631) 261-7778


WM 17-463
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ROMANY GHALI,                                                    **Docket No.:**

                                    Plaintiff,

            -against-                                            **NOTICE OF REMOVAL**

WAL-MART STORES EAST, LP,

                                    Defendants.
-----------------------------------------------------------------X

**TO THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK:**


            Defendant, WAL-MART STORES EAST, LP, for the removal of this action from

the Supreme Court of the State of New York, County of ORANGE, to the United States District

Court for the Southern District of New York, respectfully shows this Honorable Court:

            FIRST:          Defendant, WAL-MART STORES EAST, LP is a defendant in a

Civil action brought against it in the Supreme Court of the State of New York, County of

ORANGE, entitled:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
----------------------------------------------------------------------X

ROMANY GHALI,                                    Index No.: EF009307-2017

                              Plaintiff,

              -against-

WAL-MART STORES EAST, LLP,
WAL MART STORES, INC.,
and FBG WALL, LLC.,
                              Defendants.
----------------------------------------------------------------------X

Copies of the Summons, the Complaint, and WAL-MART STORES EAST, LP's Answer are

annexed hereto as Exhibit A.  Thereafter the caption was amended to reflect that the only

defendant to the action was Wal-Mart Stores East, LP. Annexed hereto as Exhibit B is the

Stipulation of Partial Discontinuance and to Amend Caption.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
----------------------------------------------------------------------X
ROMANY GHALI,                                    Index No.: EF009307-2017
                              Plaintiff,

              -against-

WAL-MART STORES EAST, LP,

                              Defendants.
----------------------------------------------------------------------X

              SECOND: That this action seeks recovery for damages sustained as a result of

personal injuries allegedly suffered by the plaintiff while on the defendant's premises.

              THIRD:  The grounds for removal are that this Court has original jurisdiction

pursuant to 28 § 1332(a)(1).  The amount in controversy exceeds the sum or value of $75,000,

exclusive of interests and costs, and is between citizens of different States. The amount in

controversy was identified on March 5, 2018 by the plaintiff's attorney Frank Arrieta, Esq.

(Sobo & Sobo, LLP).

FOURTH:  The defendant, WAL-MART STORES EAST, LP, is a Delaware limited partnership with its corporate headquarters and principal place of business in Arkansas. WSE Investment, LLC, is the limited partner of WAL-MART STORES EAST, LP, and WSE Management, LLC is the General Partner.  Both are Delaware companies with their principal places of business in Arkansas.  The sole member of both limited liability companies is Wal-Mart Stores East, Inc.  Wal-Mart Stores East, Inc. is a citizen of Arkansas.  It is incorporated in Arkansas and its principal place of business is in Arkansas.  Thus, for diversity purposes, the defendant is a citizen of Arkansas. See Carden v. Arkoma Assocs., 494 U.S. 185, 195-96, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990) (stating that, for purposes of diversity jurisdiction, limited partnerships have the citizenship of each of its general and  limited partners); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir.1998) (stating that, for purposes of diversity jurisdiction, a limited liability company has the citizenship of its members).

FIFTH: That upon information and belief Plaintiff is a citizen of the State of New York, County of ORANGE.

SIXTH:  In that this action is between citizens of different states and seeks damages in excess of $75,000.00, than pursuant to 28 U.S.C.A. § 1332 and 28 U.S.C.A. § 1441 and § 1446 the case should be removed from the Supreme Court of the State of New York, County of ORANGE to the United States District Court for the Southern District of New York.

Dated: Northport, New York
March 12, 2018

Yours, etc.
BRODY, O'CONNOR & O'CONNOR, ESQS.
Attorneys for Defendant

By:  _____
THOMAS M. O'CONNOR  (TO 5247)
7 Bayview Avenue
Northport, New York 11768
(631) 261-7778
File No.: WM 17-409 TO

TO:    SOBO & SOBO, LLP
        Attorneys for Plaintiff
        One Dolson Avenue
        Middletown, New York 10940
        (845) 343-0466

# Exhibit

A

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF ORANGE**
------------------------------------------------x

ROMANY GHALI

Plaintiff/Petitioner,

-against-

WAL-MART STORES EAST, LLP, WAL MART
STORES, INC., FBG WALL LLC

Defendant/Respondent.
------------------------------------------------x

Index No. EF009307-2017

SERVED BY
SERVICO
SINCE 1924
WWW.SERVICO.COM

## NOTICE OF COMMENCEMENT OF ACTION SUBJECT
## TO MANDATORY ELECTRONIC FILING

PLEASE TAKE NOTICE that the matter captioned above has been commenced as an electronically filed case in the New York State Courts Electronic Filing System ("NYSCEF") as required by CPLR § 2111 and Uniform Rule § 202.5-bb (mandatory electronic filing). This notice is being served as required by that rule.

NYSCEF is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and unrepresented litigants who have consented to electronic filing.

Electronic filing offers significant benefits for attorneys and litigants, permitting papers to be filed with the County Clerk and the court and served on other parties simply, conveniently, and quickly. NYSCEF case documents are filed with the County Clerk and the court by filing on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. The documents are served automatically on all consenting e-filers as soon as the document is uploaded to the website, which sends out an immediate email notification of the filing.

The NYSCEF System charges no fees for filing, serving, or viewing the electronic case record, nor does it charge any fees to print any filed documents. Normal filing fees must be paid, but this can be done on-line.

**Parties represented by an attorney:** An attorney representing a party who is served with this notice must either: 1) immediately record his or her representation within the e-filed matter on the NYSCEF site; or 2) file the Notice of Opt-Out form with the clerk of the court where this action is pending. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the operational knowledge to comply with e-filing requirements. [Section 202.5-bb(e)]

**Parties not represented by an attorney: Unrepresented litigants are exempt from efiling. They can serve and file documents in paper form and must be served with documents in paper form.** However, an unrepresented litigant may participate in efiling.

EFM-1

For information on how to participate in e-filing, unrepresented litigants should contact the appropriate clerk in the court where the action was filed or visit www.nycourts.gov/efile-unrepresented. Unrepresented litigants also are encouraged to visit www.nycourthelp.gov or contact the Help Center in the court where the action was filed. An unrepresented litigant who consents to e-filing may cease participation at any time. However, the other parties may continue to e-file their court documents in the case.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: November 15, 2017

_____
Signature

Frank J. Arrieta, Esq.
_____
Name

SOBO & SOBO, L.L.P.
_____
Firm Name

One Doison Avenue
_____
Address

Middletown, New York 10940
_____

845 - 343 - 7626
_____
Phone

_____
E-Mail

To:   PLEASE SEE COMPLAINT
_____

_____

_____

9/3/15

Index  #                      Page 2  of 2                      EFM-1

FILED: ORANGE COUNTY CLERK 11/14/2017 11:58 AM
NYSCEF DOC. NO. 1

INDEX NO. EF009307-2017
RECEIVED NYSCEF: 11/14/2017

Date of Filing:

Index #:

Plaintiff designates Orange
County as the place of trial.

The basis of venue is the
Plaintiff's residence address.

Plaintiff resides at 38 Twin lakes Drive.
Monroe, NY 10950

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
------------------------------------------------------------X
ROMANY GHALI,

Plaintiff,

**SUMMONS**

-against-

WAL-MART STORES EAST, LLP,
WAL MART STORES, INC., and FBG WALL LLC.,

Defendants.
------------------------------------------------------------X
To the above-named defendant(s):

     YOU ARE HEREBY SUMMONED, to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorneys within - 20- days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

**SOBO & SOBO, LLP**

FRANK ARRIETA, ESQ.
Attorneys for Plaintiff
One Dolson Avenue
Middletown, NY 10940

Dated: October 9, 2017
.Middletown, New York

*Please see Complaint*

FILED: ORANGE COUNTY CLERK 11/14/2017 11:58 AM
NYSCEF DOC. NO. 1

INDEX NO. EF009307-2017
RECEIVED NYSCEF: 11/14/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
--------------------------------------------------------------X

ROMANY GHALI,

Plaintiff,

-against-

WAL-MART STORES EAST, LLP,
WAL MART STORES, INC.,
And FBG WALL LLC.,

Defendants.
--------------------------------------------------------------X

VERIFIED
COMPLAINT

Index No.:

Plaintiff, ROMANY GHALI, by his attorneys, SOBO & SOBO, L.L.P., as and for the Verified Complaint, herein alleges the following:

1.  That at all times hereinafter mentioned, the plaintiff was and still is a resident of the County of Orange, State of New York.

2.  That at all times hereinafter mentioned, upon information and belief, the defendant WAL-MART STORES EAST, LLP., was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

3.  That at all times hereinafter mentioned, upon information and belief, the defendant WAL-MART STORES EAST, LLP., was and still is a foreign corporation duly authorized to do business within the State of New York.

4.  That at all times hereinafter mentioned, upon information and belief, the defendant, WAL-MART STORES EAST, LLP. was and still is a business entity doing business within the State of New York.

FILED: ORANGE COUNTY CLERK 11/14/2017 11:58 AM
NYSCEF DOC. NO. 1

. INDEX NO. EF009307-2017
RECEIVED NYSCEF: 11/14/2017

5.   That at all times hereinafter mentioned, upon information and belief, the defendant, WAL MART STORES, INC., was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

6.   That at all times hereinafter mentioned, upon information and belief, the defendant, WAL MART STORES, INC., was and still is a foreign corporation duly authorized to do business within the State of New York.

7.   That at all times hereinafter mentioned, upon information and belief, the defendant, WAL MART STORES, INC., was and still is a business entity doing business within the State of New York.

8.   That at all times hereinafter mentioned, upon information and belief, the defendant, FBG WALL, LLC., was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

9.   That at all times hereinafter mentioned, upon information and belief, the defendant, FBG WALL, LLC, was and still is a foreign corporation duly authorized to do business within the State of New York.

10.   That at all times hereinafter mentioned, upon information and belief, the defendant, FBG WALL, LLC., was and still is a business entity doing business within the State of New York.

11.   That at all times hereinafter mentioned, upon information and belief, the defendant, WAL-MART STORES EAST, LLP., was the owner of a certain premises located at 288 Larkin Drive, Monroe, County of Orange, State of New York, known as "Wal-Mart Supercenter."

FILED: ORANGE COUNTY CLERK 11/14/2017 11:58 AM
NYSCEF DOC. NO. 1

INDEX NO. EF009307-2017
RECEIVED NYSCEF: 11/14/2017

12.   That at all times hereinafter mentioned, upon information and belief, the defendant, WAL-MART STORES EAST, LLP., maintained the aforesaid premises.

13.   That at all times hereinafter mentioned, upon information and belief, the defendant WAL-MART STORES EAST, LLP., managed the aforesaid premises.

14.   That at all times hereinafter mentioned, upon information and belief, the defendant WAL-MART STORES EAST, LLP., controlled the aforesaid premises.

15.   That at all times hereinafter mentioned, upon information and belief, the defendant, WAL-MART STORES EAST, LLP., operated the aforesaid premises.

16.   That at all times hereinafter mentioned, upon information and belief, the defendant, WAL-MART STORES EAST, LLP., was the lessee of the aforesaid premises.

17.   That at all times hereinafter mentioned, upon information and belief, the defendant, WAL-MART STORES EAST, LLP., was the lessor of the aforesaid premises.

18.   That at all times hereinafter mentioned, upon information and belief, the defendant, WAL MART STORES, INC., was the owner of a certain premises located at 288 Larkin Drive, Monroe, County of Orange, State of New York, known as "Wal-Mart Supercenter."

19.   That at all times hereinafter mentioned, upon information and belief, the defendant, WAL MART STORES, INC., maintained the aforesaid premises.

20.   That at all times hereinafter mentioned, upon information and belief, the defendant, WAL MART STORES, INC., managed the aforesaid premises.

21.   That at all times hereinafter mentioned, upon information and belief, the defendant, WAL MART STORES, INC., controlled the aforesaid premises.

FILED: ORANGE COUNTY CLERK 11/14/2017 11:58 AM
NYSCEF DOC. NO. 1

INDEX NO. EF009307-2017
RECEIVED NYSCEF: 11/14/2017

22. That at all times hereinafter mentioned, upon information and belief, the defendant, WAL MART STORES, INC., operated the aforesaid premises.

23. That at all times hereinafter mentioned, upon information and belief, the defendant, WAL MART STORES, INC., was the lessee of the aforesaid premises.

24. That at all times hereinafter mentioned, upon information and belief, the defendant, WAL MART STORES, INC., was the lessor of the aforesaid premises.

25. That at all times hereinafter mentioned, upon information and belief, the defendant, FBG WALL, LLC., was the owner of a certain premises located at 288 Larkin Drive, Monroe, County of Orange, State of New York, known as "Wal-Mart Supercenter."

26. That at all times hereinafter mentioned, upon information and belief, the defendant, FBG WALL, LLC., maintained the aforesaid premises.

27. That at all times hereinafter mentioned, upon information and belief, the defendant, FBG WALL, LLC., managed the aforesaid premises.

28. That at all times hereinafter mentioned, upon information and belief, the defendant, FBG WALL, LLC., controlled the aforesaid premises.

29. That at all times hereinafter mentioned, upon information and belief, the defendant, FBG WALL, LLC., operated the aforesaid premises.

30. That at all times hereinafter mentioned, upon information and belief, the defendant, FBG WALL, LLC., was the lessee of the aforesaid premises.

31. That at all times hereinafter mentioned, upon information and belief, the defendant, FBG WALL, LLC., was the lessor of the aforesaid premises.

FILED: ORANGE COUNTY CLERK 11/14/2017 11:58 AM
NYSCEF DOC. NO. 1

INDEX NO. EF009307-2017
RECEIVED NYSCEF: 11/14/2017

32.   That at all times hereinafter mentioned, near the entryway of the facility, located on the aforesaid premises was the situs of the within accident.

33.   That on or about the 1ST day of December, 2015, while this plaintiff was lawfully upon the aforesaid premises, she was caused to be precipitated to the ground, thereby sustaining severe and serious personal injuries.

34.   The negligent, wanton, reckless and careless acts of the defendants, their agents, servants and/or employees were a cause of the accident and resultant injuries.

35.   That the defendants, their agents, servants and/or employees were negligent, wanton, reckless and careless in, among other things, allowing, causing and/or permitting dangerous, hazardous, slippery and/or unsafe conditions to exist on the aforesaid premises; in acting with reckless disregard for the safety of others, and the defendants, their agents, servants and/or employees were in other ways negligent, wanton, reckless and careless.

36.   That the defendants, their agents, servants and/or employees had actual and/or constructive notice of the dangerous and/or defective conditions in that the conditions existed for a sufficient length of time prior to the happening of the incident and in the exercise of reasonable care, the defendants could have and should have had knowledge and notice thereof and further, the defendants, their agents, servants and/or employees created said condition.

37.   The limited liability provisions of CPLR 1601 do not apply pursuant to the exceptions of CPLR 1602, including, but not limited to, 1602(2)(iv), 1602(7) and 1602(11).

FILED: ORANGE COUNTY CLERK 11/14/2017 11:58 AM
NYSCEF DOC. NO. 1

INDEX NO. EF009307-2017
RECEIVED NYSCEF: 11/14/2017

38.    That by reason of the foregoing, this plaintiff was caused to sustain severe and serious personal injuries to her mind and body, some of which, upon information and belief, are permanent with permanent effects of pain, disability, disfigurement and loss of body function.   Further, this plaintiff was caused to expend and become obligated for diverse sums of money for the purpose of obtaining medical care and/or cure in an effort to alleviate the suffering and ills sustained as a result of this accident; the plaintiff further was caused to lose substantial periods of time from her normal vocation and activities, and upon information and belief, may continue in that way into the future and suffer similar losses.

39.    That by reason of the foregoing, this plaintiff has been damaged in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

WHEREFORE, plaintiff demands judgment against the defendants, and each of them, as follows:

A sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter, together with the costs and disbursements of this action.

FILED: ORANGE COUNTY CLERK 11/14/2017 11:58 AM

NYSCEF DOC. NO. 1

INDEX NO. EF009307-2017

RECEIVED NYSCEF: 11/14/2017

DATED: October 9, 2017

Middletown, New York

FRANK ARRIETA, ESQ.
SOBO & SOBO, LLP
Attorney for Plaintiff
One Dolson Avenue
Middletown, NY 10940
(845) 343-0466

TO:   WALMART STORES INC
c/o Secretary of State
Attorney Process & Research Service
P.O. Box 10277
Albany, New York 12201

Wal-Mart Stores East, LLP
c/o Secretary of State
Attorney Process & Research Service
P.O. Box 10277
Albany, New York 12201

FBG Wall LLC
c/o Secretary of State
Attorney Process & Research Service
P.O. Box 10277
Albany, New York 12201

FILED: ORANGE COUNTY CLERK 11/14/2017 11:58 AM

NYSCEF DOC. NO. 1

INDEX NO. EF009307-2017

RECEIVED NYSCEF: 11/14/2017

## VERIFICATION

STATE OF NEW YORK, COUNTY OF ORANGE          ss:

ROMANY GHALI, being duly sworn says; I am one of the plaintiffs in the action herein; I have read the annexed Verified Complaint, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

ROMANY GHALI

Sworn to before me on this
25th day of May, 2016

NOTARY PUBLIC

NITCY BARRETO
Notary Public, State of New York
No. 01BA6303472
Qualified in Dutchess County
Commission Expires May 12, 20_8

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

ROMANY GHALI,

Plaintiff(s),

-against-

Index No:EF009307-2017,

WAL-MART STORES EAST, LLP
WAL MART STORES, INC. and
FBG WALL LLC,

Defendant(s).

## Summons & Complaint

### SOBO & SOBO, L.L.P.
**Attorneys for Plaintiff**
**One Dolson Avenue**
**Middletown, New York 10940**
**(845) 343-0466**

WM 17-463 TO
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
-----------------------------------------------------------------X
ROMANY GHALI,                                                    Index No.: 009307/17

                              Plaintiff,

            -against-                                            **VERIFIED ANSWER**

WAL-MART STORES EAST, LP,
WAL MART STORES, INC. and
FBG WALL LLC.,

                              Defendants.
-----------------------------------------------------------------X

The defendant, WAL-MART STORES EAST, LP i/s/h/a "WAL-MART STORES EAST, LP and WAL MART STORES, INC.", by its attorneys, BRODY, O'CONNOR & O'CONNOR, ESQS., answering the Verified Complaint herein states upon information and belief:

FIRST: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "1", and each and every part thereof.

SECOND: Defendant denies the allegations set forth in paragraphs marked "2", "3", "4", "5", "6", and "7", except admits that WAL-MART STORES EAST, LP is a foreign limited partnership registered to do and doing business in the State of New York.

THIRD: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "8", "9", and "10", and each and every part thereof.

FOURTH: Defendant denies the allegations set forth in paragraph marked "11", and each and every part thereof.

FIFTH:  Defendant denies the allegations set forth in paragraphs marked "12", "13", "14", "15", "16", and "17", except admits that WAL-MART STORES EAST, LP is the operator of the Monroe Wal-Mart, and is a sublessee of that portion of the premises comprising the Monroe Wal-Mart, leaving all other questions to the Court.

SIXTH:  Defendant denies the allegations set forth in paragraph marked "18", and each and every part thereof.

SEVENTH:  Defendant denies the allegations set forth in paragraphs marked "19", "20", "21", "22", "23", and "24", except admits that WAL-MART STORES EAST, LP is the operator of the Monroe Wal-Mart, and is a sublessee of that portion of the premises comprising the Monroe Wal-Mart, leaving all other questions to the Court.

EIGHTH:  Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "25", "26", "27", "28", "29", "30", "31", "32", and "33", and each and every part thereof.

NINTH:  Defendant denies the allegations set forth in paragraphs marked "34", "35", and "36", and each and every part thereof.

TENTH:  Defendant denies the allegations set forth in paragraph marked "37", and respectfully refers all questions of law to the trial Court.

ELEVENTH:  Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "38", and "39", and each and every part thereof.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

TWELFTH: The plaintiff was guilty of culpable conduct, including contributory negligence and/or assumption of risk, and should an award be made to plaintiff, same should be

diminished in the proportion which the culpable conduct and/or contributory negligence and/or assumption of risk attributable to the plaintiff bears to the culpable conduct and/or negligence which caused the damages.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

THIRTEENTH: In the event that plaintiff recovers judgment against this answering defendant and it is determined that plaintiff's damages were caused in whole or in part by two or more joint tortfeasors, then defendant's liability herein for non-economic loss may not exceed its equitable share of said damages in accordance with its relative culpability, as provided by Section 1601 of the CPLR.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

FOURTEENTH: Plaintiff's recovery, if any, shall be reduced by the amount of any collateral payments received, in accordance with CPLR Section 4545.

WHEREFORE, defendant, WAL-MART STORES EAST, LP i/s/h/a "WAL-MART STORES EAST, LP and WAL MART STORES, INC.", requests judgment dismissing the Complaint herein, together with costs and disbursements of this action.

Dated: Northport, New York
        December 12, 2017

Yours, etc.

BRODY, O'CONNOR & O'CONNOR, ESQS.
Attorneys for Defendant
WAL-MART STORES EAST, LP i/s/h/a
"WAL-MART STORES EAST, LP and
WAL MART STORES, INC."


By: _____
PATRICIA A. O'CONNOR
7 Bayview Avenue
Northport, New York 11768
(631) 261-7778
File No.: WM 17-463 PO


TO:    SOBO & SOBO, LLP
       Attorneys for Plaintiff
       One Dolson Avenue
       Middletown, New York 10940
       (845) 343-0466

## AFFIRMATION BY ATTORNEY

The undersigned, an attorney admitted to practice in the Courts of the State of New York, shows:

That affirmant is the attorney for the defendant in the within action; that affirmant has read the foregoing Verified Answer and knows the contents thereof; that the same is true to the affirmant's knowledge, except as to the matters therein stated to be alleged on information and belief; and that as to those matters, affirmant believes it to be true.

Affirmant further says that the reason this Verification is made by deponent and not by the defendant is that defendant is a foreign limited partnership.

The grounds of belief as to all matters not stated upon deponent's knowledge are documents, correspondence and records maintained in your deponent's files and conversations and conferences had with the defendant.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: Northport, New York
      December 12, 2017

PATRICIA A. O'CONNOR

## AFFIDAVIT OF MAILING

STATE OF NEW YORK    )
                             ) ss:
COUNTY OF SUFFOLK   )

DEBRA SANACORA, being duly sworn, deposes and says:

That your deponent is not a party to this action, is over 18 years of age and resides at Ronkonkoma, New York.

That on the 14 day of December, 2017, deponent served the within VERIFIED ANSWER and AFFIRMATION BY ATTORNEY

UPON:

SOBO & SOBO, LLP
Attorneys for Plaintiff
One Dolson Avenue
Middletown, New York 10940
(845) 343-0466

The address designated by said attorney for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

DEBRA SANACORA

Sworn to before me this
14 day of December, 2017.

NOTARY PUBLIC

PATRICIA A. O'CONNOR
NOTARY PUBLIC-STATE OF NEW YORK
No. 02OC6026806
Qualified in Suffolk County
My Commission Expires 06-06-18

ALL-STATE LEGAL®
07181-BF • 07182-BL • 07183-GY • 07184-WH
800.222.0510  www.aslegal.com

*Index No.*  009307/17          *Year 20*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

---

ROMANY GHALI,

Plaintiff.

-against-

WAL-MART STORES EAST. LP, WAL MART STORES, INC. and FBG WALL LLC.,

Defendants.

---

VERIFIED ANSWER and AFFIRMATION BY ATTORNEY

---

**BRODY, O'CONNOR & O'CONNOR, ESQS.**

*Attorneys for*

Defendant/WAL-MART STORES EAST, LP
7 BAYVIEW AVENUE
NORTHPORT, NEW YORK 11768
(631) 261-7778
FAX (631) 261-6411

---

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.*

*Dated:* ......................          Signature ..............................................

Print Signer's Name...............................................

*Service of a copy of the within*

*Dated:*                                                            *is hereby admitted.*

.................................................
*Attorney(s) for*

---

*PLEASE TAKE NOTICE*

*Check Applicable Box*

☐ NOTICE OF ENTRY   *that the within is a (certified) true copy of a*
*entered in the office of the clerk of the within-named Court on*          *20*

☐ NOTICE OF SETTLEMENT   *that an Order of which the within is a true copy will be presented for settlement to the*
*Hon.*                              *, one of the judges of the within-named Court,*
*at*
*on*                      *20*      *, at*          *M.*

*Dated:*

**BRODY, O'CONNOR & O'CONNOR, ESQS.**
*Attorneys for*

# Exhibit

B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

————————————————————————X

ROMANY GHALI,

                              Plaintiff,

      -against-

WAL-MART STORES EAST, LLP
WAL MART STORES, INC. and
FBG WALL LLC.,

                              Defendants.

————————————————————————X

Index No. EF009307-2017

**STIPULATION OF
PARTIAL POSITION
DISCONTINUANCE AND
TO AMEND CAPTION**

       **IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, that whereas no party hereto is an infant or incompetent person fro whom a committee or guardian has been appointed and not person not a party has an interest in the subject matter of the action, the above-entitled action be and the saem is hereby discontinued as to defendants WAL-MART STORES, INC., and FBG WALL, LLC, without prejudice, but the action remains active against WAL-MART STORES EAST, LP i/s/h/a WAL-MART STORES EAST, LLP.

       IT IS FURTHER STIPULATED AND AGREED, by and between the undersigned, that every reference to WAL-MART in the Complaint is meant to refer to defendant, WAL-MART STORES EAST, LP, and that the captioned be amended as follows:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANG

————————————————————————X

ROMANY GHALI,

                              Plaintiff,

      -against-

WAL-MART STORES EAST, LP,

                              Defendants.

————————————————————————X

Index No. EF009307-2017

Dated:    April 6, 2018

SOBO & SOBO, LLP
Attorneys for Plaintiff
One Dolson Avenue
Middletown, New York 10940
(845) 343-7626

BRODY O'CONNOR & O'CONNOR
Attorneys for Wal-Mart Stores East, LP
7 Bayview Avenue
Northport, New York 11768
(631) 261-7778

## AFFIDAVIT OF MAILING

STATE OF NEW YORK    )
                                ) ss:
COUNTY OF SUFFOLK    )

        KATELYN OLSEN, being duly sworn, deposes and says:

        That your deponent is not a party to this action, is over 18 years of age and resides at Greenlawn, New York.

        That on the 20TH day of March, 2018, deponent served the within NOTICE OF REMOVAL

UPON:        SOBO & SOBO, LLP
                Attorneys for Plaintiff
                One Dolson Avenue
                Middletown, New York 10940
                (845) 343-0466

        The address designated by said attorney for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

_____
KATELYN OLSEN

Sworn to before me this
20th   day of March, 2018.

_____
NOTARY PUBLIC

DEBRA SANACORA
NOTARY PUBLIC-STATE OF NEW YORK
No. 01SA6174321
Qualified in Suffolk County
My Commission Expires September 17, 20___